# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DARRIN CRAWFORD,

      Defendant-Appellant.

UNPUBLISHED
December 6, 2016

No. 319998
Wayne Circuit Court
LC No. 13-007629-FC

ON REMAND

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

In our original opinion in this matter, we affirmed defendant's convictions. *People v Crawford*, unpublished opinion per curiam, rel'd 10/13/2016. Thereafter, by order dated 7/26/2016, the Supreme Court remanded the matter to us with instructions to give further consideration to defendant's claim that the jury had not been sworn and to explain why we had failed to consider an amended transcript that reflected that the jury had, in fact, been sworn.

We addressed the second issue in an order dated 9/20/2016, which also remanded this matter to the trial court for a settlement of the record. That order provided as follows:

> On remand from our Supreme Court, this Court is directed to "give further consideration of the defendant's contention that the jury was not sworn" and provide "an explanation why it [this Court] failed to consider the amended transcript in concluding that no oath was administered."
>
> The amended transcript filed with this Court does not contain any amended pages that reflect that an oath was administered. The only source of those amended pages is the attachment to the prosecutor's motion in the Supreme Court filed several months after this Court's October 13, 2015 opinion was issued. According to that motion, the amended pages were actually attached to the end of a copy of the original transcript and it was labeled "amended transcript" and supplied to the parties. But, while the official record supplied to this Court and the Supreme Court does contain a full transcript labeled "Amended Transcript," it does not contain those amended pages reflecting the jury being sworn, either in place of the original pages or appended to the end. Therefore, this Court could

-1-

not consider the amended pages in the amended transcript because it has never been supplied to us. We can only speculate why those pages were omitted from the official transcript filed with this Court; and therefore, we REMAND to the trial court for settlement of the record.

The trial court shall, within 14 days of the Clerk's certification of this order, settle the transcript discrepancy in the official record that was provided to this Court by providing this Court with the location in the transcript or in the amended transcript where the oath was in fact given. If the trial court determines that the official record contains an incorrect amended transcript, the trial court shall order the court reporter to file a corrected transcript. If the trial court determines that the transcripts contained in the official record are correct, the trial court shall order that the record be recertified and forwarded to this Court for final resolution of this appeal.

We retain jurisdiction. This order has immediate effect. MCR 7.215(F)(2).

On remand, the trial court settled the record by finally providing this Court with the actual amended transcript, which reflects that the jury had, in fact, been sworn. In our original opinion we concluded that defendant's convictions should be affirmed despite the fact the jury had not been sworn. While it has now been established in the record before us that the jury had actually been sworn, and while that would change the analysis of the issue, it does not change the conclusion that defendant's convictions are to be affirmed.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy